UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

DAMIEN A. SUBLETT                                                                                     PLAINTIFF

v.                                                                        CIVIL ACTION NO. 5:15-CV-P199-TBR

MARLENE T. SHEETS                                                                                 DEFENDANT

**MEMORANDUM OPINION**

This is a civil rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

### I.    FACTUAL ALLEGATIONS

Plaintiff is an inmate at Kentucky State Penitentiary (KSP). In his Complaint (DN 1), Plaintiff alleges that Defendant Marlene T. Sheets, a correctional officer at Kentucky State Penitentiary, retaliated against him for filing a grievance against her by filing a "disciplinary report" against him. He sues Defendant Sheets in her individual capacity.

Plaintiff first alleges that on August 3, 2015, Defendant Sheets looked over a privacy screen and observed him urinating in his cell. Plaintiff states that he filed a grievance against Defendant Sheets for this act on August 4, 2015. He further reports that on August 5, 2015, Defendant Sheets told him that she had received a copy of his grievance and that "since [Plaintiff] had filed a grievance against her, she was going to write [him] up and stop his grievance from being filed." Plaintiff further alleges that Defendant Sheets then proceeded to issue a disciplinary report about him on that same date which stated that Plaintiff had been

yelling about a "PREA" complaint on August 3, 2015, and that this conduct distracted her from her job duties.

Plaintiff alleges that his grievance was initially processed to the "informal resolution" stage because he had no disciplinary reports pending at the time it was filed. However, Plaintiff then received a response to his grievance on August 6, 2015, which stated that because a disciplinary report was filed on the incident set forth in the grievance, the incident was "non-grievable . . . pending an Adjustment Committee decision."

Plaintiff next alleges that on August 14, 2015, he filed a grievance claiming the disciplinary report filed by Defendant Sheets was only filed in retaliation for his initial grievance against her and requesting that said disciplinary report be dismissed for this reason. He then reports that on August 17, 2015, he received a Grievance Rejection Notice which stated as follows: "Your action requested to dismiss Disciplinary Report can only be granted through the Adjustment Committee process. . ."

Finally, Plaintiff alleges that as a result of the disciplinary report, he was charged with "making threatening or intimidating statements" and that on September 1, 2015, following a hearing, he was found guilty of "interfering with an employee in the performance of his duty" and received a penalty of "15 days D/S suspended for 90 days." Plaintiff states that he appealed this decision to the KSP warden but that his appeal was denied.

Plaintiff seeks money and punitive damages, unspecified injunctive relief, and "to defray expend cost of this action and any other relief necessary."

## II.  STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under

§ 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  However, while liberal, this standard of review does require more than the bare assertion of legal conclusions.  *See Columbia Natural Res., Inc.* v. *Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its

legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Absent either element, a § 1983 claim will not lie. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Here, Plaintiff claims that Defendant Sheets retaliated against him for exercising his First Amendment right to file a grievance by filing a disciplinary report against him. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)(en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse actions was motivated, at least in part, by the protected conduct. *Id*.

Significantly, however, the Sixth Circuit has specifically held that a plaintiff who complains that the adverse action taken against him was a substantiated misconduct charge fails to state a retaliation claim. *Jackson v. Madery*, 158 F. App'x 656, 662 (6th Cir. 2005). This is because "a finding of guilt upon some evidence of a violation of prison rules 'essentially

checkmates [a] retaliation claim.'" *Id.* (citing *Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 1994)).

Here, even if the Court accepts for purposes of this memorandum that Plaintiff was engaged in protected conduct and that Defendant Sheets' adverse action against him was motivated by that conduct, Plaintiff's retaliation claim nonetheless fails. This is because Plaintiff did not allege that the disciplinary report Defendant Sheets filed against him was false and even stated that, following both an investigation and a hearing, he was found guilty of the misconduct set forth in the disciplinary report. In addition, the documents Plaintiff attached to his Complaint also demonstrate that he was found guilty of the charges in Defendant Sheets' disciplinary report. For these reasons, the Court will dismiss Plaintiff's claim.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiff's claim against Defendant Sheets for retaliation in violation of Plaintiff's First Amendment rights will be dismissed by separate order pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Date:

cc:   Plaintiff, *pro se*
      Defendant
      General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.011