UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**DAMIEN A. SUBLETT**                                                                    **PLAINTIFF**

v.                                                                        CIVIL ACTION NO. 5:15-CV-P199-TBR

**MARLENE T. SHEETS,** *et .al.*                                                         **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This is a *pro se* civil rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983.  This matter is before the Court upon a motion by Plaintiff for leave to file a third supplemental complaint (DN 28).  This matter is ripe for review.  For the reasons set forth below, Plaintiff's motion will be denied.

### I. PROCEDURAL HISTORY

Plaintiff filed his original complaint on September 14, 2015.  In the complaint, he alleged that Defendant Kentucky State Penitentiary (KSP) Correctional Officer Marlene Sheets had retaliated against him for filing a grievance against her by filing a disciplinary report against him.  On initial review, the Court determined that Plaintiff's complaint should be dismissed for failure to state a claim, in accordance with *Jackson v. Madery*, 158 F. App'x 656 (6th Cir. 2005), because Plaintiff had submitted documents with his complaint which showed that he had been found guilty of the misconduct set forth in Defendant Sheet's disciplinary report.  (DN 6, Memorandum Opinion).  Accordingly, the Court entered an order dismissing the case on December 16, 2015.  (DN 7).

However, on December 29, 2015, and January 4, 2016, Plaintiff filed motions for leave to supplement his complaint.  By Order entered this date, the Court construed the first as a motion to reopen the action, which it granted, and then granted both of Plaintiff's motions for leave to

supplement his original complaint. In his supplemental complaints, Plaintiff restated his claims against Defendant Sheets and also alleged that Defendant Delaney had retaliated against him for filing this action against Defendant Sheets. Plaintiff also alleged that Defendant Simmons had violated his right to bodily privacy by repeatedly watching him shower.

On June 14, 2016, the Court conducted an initial review of Plaintiff's complaint in accordance with 28 U.S.C. § 1915A and allowed Plaintiff's claims to proceed against all three Defendants (DN 13).

## II. ANALYSIS

On September 27, 2016, Plaintiff filed the motion for leave to file a third supplemental complaint that is now before the Court. In his motion, Plaintiff states that another KSP employee, Officer George Henson, retaliated against him for filing this action against Defendant Simmons. He specifically alleges that this retaliation consisted of Officer Henson filing a false disciplinary report against him on February 7, 2016, for using disrespectful language.

In his motion, Plaintiff argues that the Court should grant him leave to supplement his complaint in accordance with Fed. R. Civ. P. 15(d). This Rule provides as follows: "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."

A motion to supplement, as opposed to one to amend, seeks to add allegations pertaining to events arising after the original complaint was filed. *Murphy v. Grenier*, No. 07-15248-DT, 2009 U.S. Dist. LEXIS 33304 (E.D. Mich. Apr. 20, 2009), *aff'd*, 406 F. App'x 972 (6th Cir. 2011). As such, Rule 15(d) contemplates that the supplemental factual allegations may give rise to new legal theories against new defendants. *See Griffin v. Cty. Sch. Bd. of Prince Edward Cty.*,

2

377 U.S. 218, 227 (1964) ("Rule 15(d) . . . plainly permits supplemental amendments to cover events happening after suit, and it follows, of course, that persons participating in these new events may be added if necessary."); *Smith v. Goord*, No. 04-6432, 2006 U.S. Dist. LEXIS 74015 (W.D.N.Y. Sept. 22, 2006), *report and recommendation adopted*, 2007 U.S. Dist. LEXIS 10325 (W.D.N.Y. Feb. 12, 2007). Here, the allegations contained in the proposed supplemental complaint allegedly occurred after Plaintiff filed his last supplemental pleading. Accordingly, Plaintiff has appropriately moved under Rule 15(d) to supplement his original pleadings to add a new claim and a new defendant.

The standard for granting leave to supplement under Rule 15(d) is the same as the standard governing leave to amend under Rule 15(a)(2). *Spies v. Voinovich*, 48 F. App'x 520, 527 (6th Cir. 2002). Under that standard, the Court should freely give leave for a party to amend its pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). The factors to consider include "the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001). *See also Diamond Elec., Inc., v. Knoebel Constr., Inc.*, No. 5:16-023-KKC, 2016 U.S. Dist. LEXIS 151647 (E.D. Ky. Nov. 2, 2016); *Burse v. Robinson*, No. 2:14-cv-403, 2015 U.S. Dist. LEXIS 62739 (S.D. Ohio May 13, 2015); *Pasley v. Caruso*, No. 10-11805, 2012 U.S. Dist. LEXIS 38815 (E.D. Mich. Feb. 10, 2012); *Brutz v. Stillwell*, No. 09-2564, 2010 U.S. Dist. LEXIS 46562 (N.D. Ohio May 12, 2010).

The Court first notes the delay in Plaintiff's filing of his Rule 15(d) motion. "When amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier." *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 459 (6th

Cir. 2001). In addition, "[c]ourts are especially inclined to deny a motion brought under Rule 15 if the moving party knew the facts on which the claim or defense sought to be added were based at the time the original pleading was filed and there is no excuse for his failure to plead them." *Tampone v. Richmond*, 10-11776, 2011 U.S. Dist. LEXIS 43892, at *4 (E.D.Mich. Apr. 22, 2011). Plaintiff's motion to supplement comes more than one year after Plaintiff initiated this action, almost nine months after he filed his last supplemental complaint, and, perhaps, most inexplicably, almost eight months after the events contained in his third supplemental complaint allegedly occurred. Moreover, in his motion for leave to file a third supplemental complaint, Plaintiff provides no explanation as to why he waited eight months to file an additional pleading regarding an event that he became aware of on the date it allegedly occurred, which was long before Defendants were ever served or discovery in this action had even begun. Indeed, Plaintiff waited to file this motion until approximately six weeks before all pretrial discovery was scheduled to be completed.[1,2]

The Court is also concerned with how granting Plaintiff's motion would prejudice the existing Defendants at this stage in the litigation. Although the third supplemental complaint contains another retaliation claim, there will be little overlap between the evidence required for that claim and the retaliation claims the Court has allowed to go forward. Thus, resolving the claim set forth in the third supplemental complaint will expand the discovery necessary to resolve the original claims and will likely delay the ultimate resolution of those claims.

Finally, Plaintiff has made no argument that he is unable to assert his new claim in an entirely separate action. Thus, denying Plaintiff's motion to file a third supplemental complaint will not prejudice Plaintiff.

---

[1] According to the Scheduling Order entered by the Court on June 14, 2016, all pretrial discovery was to be completed by November 10, 2016 (DN 14).

[2] On November 1, 2016, Defendants Delaney and Sheets certified that discovery was complete (DN 42).

## III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's motion to file a third supplemental complaint (DN 28) is **DENIED**.

Date:

cc:     Plaintiff, *pro se*
        Counsel of Record
4413.011