UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:15-CV-199-TBR

DAMIEN SUBLETT,                                                                             PLAINTIFF

v.

MARLENE SHEETS, et al,                                                                  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Plaintiff's "Motion for Subpoena Duces Tecum." [DN 116.] Plaintiff is seeking an Order directing the Clerk of Court to issue writs of habeus corpus ad testificandum and/or subpoena duces tecum to appear at trial and produce documents to: (1) correctional officer John Boener, (2) correctional officer Bruce Von Dwingelo, (3) Kentucky State Penitentiary ("KSP") Warden Randy White, (4) Prison Rape Elimination Act ("PREA") Investigator Seth Mitchell, (5) PREA Investigator Robert Roberts, and (6) Michael Cooper, a person currently incarcerated at KSP.

Federal Rule of Civil Procedure 45(b)(1) provides in pertinent part that "serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Rule 45 requires the simultaneous tendering of the witness fee of $40, per 28 U.S.C. § 1821(b), and the estimated mileage expenses, with the service of a subpoena. *CF& I Steel Corp. v. Mitsui & Co.*, 713 F.2d 494 (9th Cir. 1983). The failure of a party to tender the appropriate fees and mileage will render that subpoena invalid, therefore freeing the potential witness of any obligation to attend the proceedings. *See, e.g.*, *Andreola v. Wisconsin*, Case No. 04-C-0282, 2006

WL 897787 (E.D. Wis. Apr. 4, 2006) (citing Wright & Miller, *Federal Practice and Procedure: Civil 2d* § 2454 at 25-26 (West 1995)).

In spite of the fact that this Court has granted Plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, the Sixth Circuit has held that § 1915 does not provide the necessary statutory authority for this Court to waive witness fees:

> Section 1915 is a statutory scheme by which courts may waive certain court fees where a party is declared an indigent. Section 1915(c) in particular allows the court to waive certain preliminary court fees whenever a party is declared indigent. It provides: '(c) The officers of the court shall issue and serve all process, and perform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases.' 28 U.S.C. § 1915(c). We do not think the language of § 1915(c) can support such a reading.
>
> Section 1915(c) must be read in conjunction with its criminal law counterpart, § 1825. Section 1825 was passed in 1965 in response to a judicial holding which had allowed for the payment of witness fees in criminal cases where the defendant was indigent. *Estep v. United States*, 251 F.2d 579, 582 (5th Cir. 1959)….At the same time, however, Congress failed to change § 1915 to allow for payment of such witness fees in civil cases. We feel this failure is controlling in this case.

*Johnson v. Hubbard*, 698 F.2d 286, 289-90 (6th Cir. 1983), *abrogated on other grounds by L & W Supply Corp. v. Acquity*, 475 F.3d 737 (6th Cir. 2007).

Due to this, the Court lacks any authority to waive the witness fees as it pertains to witnesses (1)-(5). Plaintiff failed to tender to the Court the required fees with his Rule 45 subpoenas. This means that the tendered subpoenas are not in proper form, and therefore, the Court cannot direct them to be served. *See Mitchell v. Voss*, 863 F.2d 49 (6th Cir. 1988). Should Plaintiff wish to have Boener, Von Dwingelo, White, Mitchell, and/or Roberts present at trial, he is required to tender the aforementioned fees to the Court along with the subpoenas.

With respect to the sixth witness Plaintiff seeks to have subpoenaed to appear at trial, Michael Cooper, no witness or mileage fees are necessary. As explained in 28 U.S.C. 1821(f),

"[a]ny witness who is incarcerated at the time that his or her testimony is given…may not receive fees or allowances under this section, regardless of whether such a witness is incarcerated at the time he or she makes a claim for fees or allowances under this section." The policy behind this statute "is to avoid payment of witness fees to those who, by virtue of their incarceration, already have their expenses paid by the taxpayer." *United States v. Raineri*, 53 F.3d 327 (1st Cir. 1995) (citing H.R. Rep. No. 194, 102d Cong., 2d Sess. 2 (1991), *reprinted in* 1992 U.S.C.C.A.N. 1465, 1466). The Court has already issued an order and writ of habeus corpus ad testificandum as to Cooper. [DN 110.] As such, Plaintiff's Motion has been rendered moot on this point.

Lastly, there is the issue of Plaintiff's Motion for a subpoena duces tecum. Specifically, Plaintiff wishes to have produced two PREA documents he allegedly filed while incarcerated at KSP: one against Defendant Delaney and one against Defendant Simmons. [*See* 116 at 5.] He further asks the Court to direct the production of any and all notes, memoranda, reports and other documents related to these two filings. [*See id.*] Plaintiff's request for these documents to be subpoenaed was late, he failed to identify the custodian or custodians of these documents, or who might have control over them, and the trial in this matter is slated to begin in less than one week. Due to this, Plaintiff's motion will be denied on this count. However, if these documents exist and are in either of the Defendant's possession, custody, or control, Defendants are hereby ordered to bring them to the trial on November 20, 2017.

**Conclusion**

For the reasons stated herein, **IT IS HEREBY ORDERED** as follows:

1. As to Boener, Von Dwingelo, White, Mitchell, and Roberts, Plaintiff's Motion [DN 116] is **DENIED.**

2. As to Cooper, Plaintiff's Motion [DN 116] is **DISMISSED AS MOOT.**

3. As to Plaintiff's request for the subpoenaing of the aforementioned documents, Plaintiff's Motion [DN 116] is **DENIED.**

4. If Defendants are in possession, custody, or control of the aforementioned documents, they are **HEREBY ORDERED to bring those documents to the trial on November 20, 2017.**

**The Clerk is directed to mail Plaintiff five blank subpoena forms**, for Plaintiff's use should he decide to pay the witness and mileage fees for Boener, Von Dwingelo, White, Mitchell, and/or Roberts.

**IT IS SO ORDERED.**

cc:  Damien Sublett, 134575
     Little Sandy Correctional Complex
     505 Prison Connecter
     Sandy Hook, KY 41171

cc:  Counsel of record