UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:15-CV-199-TBR

DAMIEN SUBLETT,                                               PLAINTIFF

v.

MARLENE SHEETS, et al,                                    DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon two motions in limine made by Plaintiff Damien Sublett ("Plaintiff"). [DN 107, 130.] Defendants Laura Delaney ("Delaney") and Kaci Simmons ("Simmons") have responded. [DN 114, 115, 134, 135.] These matters are now ripe for adjudication. For the following reasons, Plaintiff's first motion, [DN 107], is **GRANTED in part and DENIED in part**, and Plaintiff's second motion, [DN 130], is **DISMISSED AS MOOT.**

Plaintiff's two motions in limine cover largely the same issues: in his first motion, [DN 107], Plaintiff seeks to exclude from trial the following pieces of evidence: (1) any and all disciplinary reports relating to Plaintiff during his time of incarceration at the Kentucky State Penitentiary ("KSP"); (2) any evidence of prior complaints Plaintiff has filed in other civil actions pursuant to 42 U.S.C. § 1983; and (3) any and all disciplinary reports filed by Delaney against other inmates at KSP. [*See* DN 107, at 1.] In his second motion, [DN 130], Plaintiff seeks to exclude from trial the following pieces of evidence: (1) "Plaintiff['s] prior civil actions filed against Department of Corr[ections] Officials," and (2) "Plaintiff['s] Disciplinary History." [DN 130, at 1.] As his second motion only addresses issues covered in his first motion, it has been rendered moot, and the Court's substantive analysis will only cover his first motion.

1

## I. Plaintiff's First Motion in Limine

## A. Plaintiff's Prior Disciplinary Reports

The first issue addressed by Plaintiff's first motion in limine is whether his prior disciplinary reports while housed at KSP are admissible. Plaintiff's principle arguments in favor of exclusion are (1) the reports are irrelevant under Federal Rules of Evidence 401 and 402; and (2) the reports constitute propensity evidence under Federal Rule of Evidence 404(b)(1). The Court will address each of these arguments in turn.[1]

First, with respect to the relevancy of these prior disciplinary reports, the Court is satisfied that they are relevant. Pursuant to Rule 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Plaintiff states in conclusory fashion that evidence of his past disciplinary infractions should be excluded from trial by this Court on the basis that it is irrelevant, simply stating that the "disciplinary reports are not probative of any fact [of] consequence in determining the present actions." [DN 107, at 3.] The Court disagrees.

Delaney points out in rebuttal in her Response, "Plaintiff's disciplinary history reflects that Plaintiff…engages in various infractions, including failure to obey orders to join the general population." [DN 115, at 2.] Due to the fact that one of Delaney's arguments is that "plaintiff engages in such behavior in order to either be moved to a different area of the prison…or to have a vehicle…to intimidate staff from monitoring Plaintiff as vigilantly as they otherwise would," [*see id.*], Plaintiff's disciplinary history would certainly make such facts more probable, and is material to the case. Moreover, Simmons points out in her Response that Plaintiff has apparently

---

[1] Plaintiff also makes a passing reference to Rule 403, under which relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. However, beyond referencing the Rule, Plaintiff makes no argument as to how it would apply in this case. At any rate, the Court addresses the issue of Rule 403 during its 404(b) analysis below.

"been found guilty of 80 disciplinary violations, at least 35 of which involve incidents in which Mr. Sublett was found guilty of knowingly exposing himself and/or masturbating in front of a female corrections officer or nurse." [DN 114, at 3.] Because one of Defendants' theories of the case is that Plaintiff was doing exactly that when they observed him, his prior conduct relating to precisely this issue is "of consequence in determining the action," and passes the low threshold for relevancy under the Federal Rules of Evidence.

Plaintiff's second argument is that the past disciplinary reports constitute inadmissible propensity evidence under Rule 404(b) and must be excluded as such. Pursuant to Rule 404(b)(1), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Essentially, Plaintiff argues that Defendants seek to introduce his past disciplinary infractions to show his propensity for violating prison rules, thereby inviting the jury to infer that, because he has acted one way in the past, he was likely acting that same way on this occasion.

Plaintiff correctly points out that, in evaluating Rule 404(b) challenges, the Court employs a three-part test:

> First, the district court must make a preliminary determination regarding whether there is sufficient evidence that the 'other acts' took place. The district court must then determine whether those 'other acts' are admissible for a proper purpose under Rule 404(b). Finally, the district court must determine whether the 'other acts' evidence is more prejudicial than probative.

*United States v. Bell*, 516 F.3d 432, 440 (6th Cir. 2008) (citing *United States v. Lattner*, 385 F.3d 947, 955 (6th Cir. 2004)). Defendants have produced sufficient evidence that the other acts in question actually took place. [*See, e.g.*, DN 58-4; 58-5; 87-1; 87-3.] In these cited filings, Defendants have provided to the Court many instances of Plaintiff's disciplinary history while

incarcerated. The next question is whether there is an admissible purpose for the proffered evidence. At this juncture, the Court finds it necessary to differentiate between the disciplinary write-ups Plaintiff has received for indecent exposure and/or masturbation, and those relating to other prison infractions. The Court finds that there is a proper purpose for the former to be admitted at trial, but not for the latter at this time.

Rule 404(b)(2) provides that, while propensity evidence is not allowed, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." The principal argument put forth by Defendants in support of their contention that this disciplinary history evidence should be admissible is that it goes to Plaintiff's motive and/or intent. The Court finds the specificity of Delaney's argument persuasive. Delaney argues that the disciplinary history is admissible because it goes to Plaintiff's dual-purposes motive:

> Plaintiff engages in such behavior [exposure and/or masturbation] in order to either be moved to a different area of the prison (specifically segregation, as Plaintiff has refused to join the general population in the past) or to have a vehicle (through false grievances, false PREA claims, and frivolous lawsuits) to intimidate staff from monitoring Plaintiff as vigilantly as they otherwise would.

[DN 115, at 2.] This argument dovetails with Simmons' argument regarding Plaintiff's intent, and why his disciplinary history should be admitted: "Mr. Sublett has acquired at least 35 guilty violations for knowingly exposing himself or masturbating in front of female corrections officers and medical staff. [DN 114, at 4.] Additionally, "from Sublett's prior acts, [it is shown] that he has established a motive and intent to masturbate or otherwise expose his genitals in front of female staff members….[T]hese violations show Sublett's intent to expose himself to females." [DN 114, at 4.]

The admissibility Plaintiff's disciplinary history with respect to exposing himself and/or masturbating is a question for this Court, and Sixth Circuit precedent supplies an affirmative answer. In *United States v. Persinger*, 83 F. App'x 55 (6th Cir. 2003), the defendant was found guilty of aiding and abetting the distribution of cocaine, and it was held that the district did not err in admitting evidence of the defendant's prior narcotics charge. In *United States v. Ray*, 549 F. App'x 428, 431 (6th Cir. 2013), the defendant was found guilty of possessing cocaine with intent to distribute, and the Sixth Circuit held that the district court did not err in admitting "prior acts" evidence "of six prior instances of possession and distribution of crack cocaine" by the defendant. In *United States v. Stevens*, 303 F.3d 711, 713 (6th Cir. 2002), the district court was held not to have erred in admitting evidence "relating to prior fires for which [the defendant] has collected insurance proceeds" in a case where the defendant was ultimately convicted of arson. Here, the Court is satisfied that the prior acts of Plaintiff, specifically, the prior instances in which Plaintiff was disciplined by prison officials for exposing himself and/or masturbating in violation of prison policies, goes to Plaintiff's motive and/or intent, thereby providing a proper purpose for admission under Rule 404(b).

The final step in the three-part inquiry is whether Plaintiff's disciplinary history is more prejudicial than probative. "Unfair prejudice does not mean the damage to a [party's] case that results from the legitimate probative force of the evidence; rather, it refers to evidence which tends to suggest [a] decision on an improper basis." *United States v. Newsom*, 452 F.3d 593, 603 (6th Cir. 2006) (quoting *United States v. Bonds*, 12 F.3d 540, 567 (6th Cir. 1993) (citation and quotation marks omitted)). "Such improper grounds include 'generalizing a defendant's earlier bad act into bad character and taking that as raising the odds that he did the latter bad act now charged….'" *Bell*, 516 F.3d at 445 (quoting *Old Chief v. United States*, 519 U.S. 172, 180-81

(1997)). Under the Rule 403 analysis, courts must "look at the evidence in the light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect." *Newsom*, 452 F.3d at 603 (quoting *Bonds*, 12 F.3d at 567).

Plaintiff argues primarily that his disciplinary history is irrelevant for purposes for Rules 401 and 402, and should be excluded as such. However, as explained above, his disciplinary history relating to past instances of him exposing himself and/or masturbating in front of prison officials is highly relevant to the instant case. Plaintiff only addresses in cursory fashion Rule 403 as it pertains to this issue. He merely states that the probative value of introducing such evidence is substantially outweighed by unfair prejudice and confusing or misleading the jury. [DN 133 at 7-8.] In short, Plaintiff does not present a cogent argument that actually delves into exactly *why* Rule 403 weighs in his favor here. Conversely, Defendants present persuasive support for their argument that such evidence is highly probative and is crucial to their defense. Any damage done to Plaintiff by "the legitimate probative force" of this evidence is insufficient for a finding of unfair prejudice to him.

Importantly though, the Court's ruling on Plaintiff's disciplinary history only extends to instances in which Plaintiff was formally reprimanded for exposing himself and/or masturbating in violation of prison policies. Simmons noted that Plaintiff has apparently been written up for disciplinary violations at least 80 times during his time in prison, and that at least 35 of those write-ups were related to exposure or masturbation. It is *only* those exposure and masturbation write-ups that the Court will allow under Rule 404(b)(2) as evidence of Plaintiff's motive and intent, so long as Defendants are able to lay the proper foundation. The Court will give an appropriate limiting instruction to the jury at trial. Plaintiff's motion is thus denied as to those write-ups, but is granted as to unrelated write-ups. If, at trial, Defendants believe introduction of

the other write-ups would be proper, they may request to approach the bench and the Court will address those issues at that time.

### B. Plaintiff's Prior Civil Complaints

The second issue addressed by Plaintiff's first motion in limine is whether the complaints he has filed in other civil actions are admissible in this trial. Plaintiff argues that such evidence is irrelevant under Rules 401 and 402. [DN 107 at 2-3.] Irrespective of the relevance of Plaintiff's other lawsuits against the Department of Corrections and its employees, the Court finds that Rule 403 demands exclusion of such evidence, and so rules. "The charge of litigiousness is a serious one, likely to result in undue prejudice against the party charged, unless the previous claims made by the party are shown to have been fraudulent." *Outley v. City of New York*, 837 F.2d 587, 592 (2d Cir. 1988) (citing *McCormick on Evidence* § 196 at 578-81 (3d ed. 1984)); *see also Hemphill v. Washington Metro. Area Transit Auth.*, 982 F.2d 572, 574 (D.C. Cir. 1993) ("Regarding prior mishaps and claims, the mere fact of their occurrence is today regarded as insufficiently probative of a plaintiff's credibility to warrant automatic admission."). *See also McCormick on Evidence* § 196 (7th ed. 2016) ("[I]f the evidence is merely that the plaintiff is a chronic litigant with respect to all sorts of claims, the courts consider the slight probative value overborne by the countervailing factors. This evidence they usually exclude.").

Defendants do not raise persuasive arguments to the question of whether evidence of Plaintiff's other lawsuits should be admissible at trial. The issue is not mentioned in Delaney's Response to Plaintiff's first motion in limine,[2] and Simmons only argues that Plaintiff's past pleadings and statements in other lawsuits constitute "judicial admissions" under the Federal

---

[2] Delaney states, in response to Plaintiff second motion in limine, that she "joins Defendant Simmons' assertions regarding the admissibility of Plaintiff's prior civil actions and adopts that argument…." [DN 135 at 1.]

Rules in both her Response to Plaintiff's first motion, [DN 114], and her Response to Plaintiff's second motion. [DN 134.] Specifically, Simmons argues that Plaintiff

> has filed numerous lawsuits in Federal Court alleging that his Fourth Amendment Right to Privacy and First Amendment Right to be Free from Retaliation have been violated. In many of the lawsuits, Mr. Sublett has made nearly identical claims to those at issue in the case at bar. Statements made in pursuit of those claims amount to judicial admissions…and should, therefore, be permitted for cross examination purposes.

[DN 114 at 8.] Simmons goes on to state that Plaintiff's "prior civil lawsuits are relevant under the Federal Rules and they are more probative than prejudicial." [*Id.*] Her argument in her Response to Plaintiff's second motion is largely the same, wherein she argues further that Plaintiff's previous statements in pleadings in other lawsuits amount to judicial admissions. While the Court agrees with respect to the question of relevancy, as explained above, the prejudicial effect the introduction of this evidence could have against Plaintiff substantially outweighs any probative value at this time. Additionally, neither Simmons nor Delaney has brought to the Court's attention any definitive evidence that any of Plaintiff's other actions were or are fraudulent. It is true that, upon review by the Court, Plaintiff has filed numerous other actions with similar claims to the case at bar. However, the case law cited above demonstrates that similarity, without proof of fraudulent activity, is almost always insufficient. With respect to Simmons' argument regarding cross-examination, if facts are brought to light such that Simmons or Delaney feels that introduction of this evidence is warranted, they may approach the bench and so move for introduction at that time.

### C. Disciplinary Reports Filed Against Other Inmates

The third issue addressed in Plaintiff's first motion in limine pertains to the admissibility of past disciplinary reports filed by Delaney against other individuals incarcerated at KSP. Plaintiff contends that these write-ups should be excluded from evidence on the basis of

8

relevancy under Rules 401 and 402, outlined above. The Court disagrees, and finds instead that the reports are quite relevant to Delaney's defense in this case.

Plaintiff refers to the other individuals as "unknown," but in her Response to Plaintiff's first motion in limine, Delaney expressly notes that the disciplinary reports she seeks to have introduced at trial are for three other individuals incarcerated at KSP: Michael Cooper, Glenn Odom, and Kelvin Richardson. [DN 115, at 2.] Delaney apparently wrote up these three individuals for disciplinary infractions ("inappropriate sexual behavior"), and now contends that these write-ups are relevant to the issue of her motive in writing up Plaintiff for the same or similar conduct. The Court agrees. Plaintiff's case against Delaney is for retaliation in violation of Plaintiff's Constitutional rights. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc) (explaining that, on the causal connection prong of the retaliation inquiry, the plaintiff must show that the adverse action taken by the defendant "was motivated at least in part by the plaintiff's protected conduct.") As such, one of the elements that Plaintiff must prove is that Delaney held a retaliatory motive, at least in part, when she wrote him up for masturbation. Therefore, the question of how, when, and why Delaney wrote up Plaintiff, as well as other individuals incarcerated at KSP, for disciplinary infractions is "of consequence in determining the action." Fed. R. Evid. 401. This evidence is admissible.

## II. Plaintiff's Second Motion in Limine

As previously explained, the issues addressed in Plaintiff's second motion in limine are completely encompassed by his first motion in limine, analyzed above. As such, it has been rendered moot.

### III. Conclusion

For the reasons stated herein, **IT IS HEREBY ORDERED as follows:**

1. Plaintiff's motion in limine [DN 107] is **DENIED in part** as to his disciplinary history with respect to sexually inappropriate behavior. This evidence will be admissible.

2. Plaintiff's motion in limine [DN 107] is **GRANTED in part** as to his disciplinary history with respect to other infractions. This evidence will be excluded.

3. Plaintiff's motion in limine [DN 107] is **GRANTED** as to his prior civil actions. This evidence will be excluded.

4. Plaintiff's motion in limine [DN 107] is **DENIED** as to the disciplinary history of other individuals incarcerated at KSP. This evidence will be admissible.

5. Plaintiff's second motion in limine [DN 130] is **DISMISSED AS MOOT.**

**IT IS SO ORDERED.**

cc:      Damien Sublett, 134575
           Pro se Plaintiff

cc:      Counsel of record