UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:15-CV-199-TBR

DAMIEN SUBLETT, PLAINTIFF

v.

MARLENE SHEETS, et al, DEFENDANTS

# MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon motions by Defendant Laura Delaney ("Delaney") and Defendant Kaci Simmons ("Simmons") for reconsideration. [DN 123, 128.] Plaintiff Damien Sublett ("Plaintiff") has responded. [DN 142.] This matter is ripe for adjudication. For the following reasons, Simmons' motion [DN 123] is **DISMISSED AS MOOT,** and Delaney's motion [DN 128] is **DENIED**.

## I. Simmons' Motion for Reconsideration

In her motion, Simmons asks this Court to reconsider and quash its Writ of Habeus Corpus Ad Testificandum regarding Adam Shoults, an individual Plaintiff seeks to call as a witness at trial. In support of her argument, Simmons notes that Plaintiff failed to include Shoults in his witness list, which is filed with the Court at Docket Number 103. Upon reexamination of Plaintiff's witness list, this Court quashed its Writ for Shoults on November 15, 2017. [DN 138.] Because of this, Simmons' motion has been rendered moot, and it is dismissed as such.

## II. Delaney's Motion for Reconsideration

In her motion, Delaney asks this Court to reconsider and quash its Writs of Habeus Corpus Ad Testificandum regarding Michael Cooper, Carlos Thurman, and Preston Troupe, all three of whom Plaintiff plans to call as witnesses on his behalf at trial. The thrust of Delaney's

1

argument is that, to allow these three individuals to testify at trial would work a "manifest injustice." *See Phat's Bar & Grill, Inc. v. Louisville-Jefferson Cnty. Metro Gov't*, No. 3:10-cv-0491, 2013 WL 124063, at *3 (W.D. Ky. Jan. 9, 2013). With respect to Cooper, Delaney argues that he has already perjured himself in this case and, therefore, should not be allowed to testify at trial due to the risk that he could do so again. Obviously, Plaintiff and Cooper have not admitted that any perjury has taken place. In light of this, the Court views this as a factual dispute, and one which weighs in favor of allowing Cooper to testify.

Next, Delaney argues that Thurman should be prevented from testifying because it would work a "manifest injustice" on the Court. In support of her argument, Delaney notes that his recounting of the underlying events of this case is impossible because, according to her, Thurman was not housed near Plaintiff when the underlying events occurred. As a result of this, he could not have witnessed these events. Plaintiff and Thurman have not admitted that this is the case. Thus, this Court is presented with simply another factual dispute. Thurman will be permitted to testify.

Finally, Delaney argues that Troupe should be prevented from testifying at trial because, as with the previous two witnesses, to allow him to do so would be to "work a manifest injustice." Delaney bases her argument on her assertion that Plaintiff has not presented any evidence that Troupe actually has personal knowledge of the underlying events of this case. However, in his Response, [DN 142], Plaintiff argues that Troupe has personal knowledge of Delaney and the events of the case, thereby presenting another factual dispute. The Court will allow Troupe to testify.

## III. Conclusion

For the foregoing reasons, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. Simmons' motion to reconsider [DN 123] is **DISMISSED AS MOOT.**

2. Delaney's motion to reconsider [DN 128] is **DENIED.**

**IT IS SO ORDERED.**

Thomas B. Russell, Senior Judge
United States District Court

November 17, 2017

cc: Damien Sublett
Pro se plaintiff

cc: Counsel of record