UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:15-CV-199-TBR

DAMIEN SUBLETT,										PLAINTIFF

v.

MARLENE SHEETS, et al.,									DEFENDANTS

**Memorandum Opinion and Order**

This matter comes before the Court upon three motions. First, Plaintiff Damien Sublett ("Sublett") has filed a Motion for New Trial against Defendant Kaci Simmons ("Simmons"). [DN 153.] Second, Sublett has filed a Motion to Supplement his Motion for New Trial against Simmons. [DN 154.] Third, Sublett has filed a Motion for New Trial against Defendant Laura Delaney ("Delaney"). [DN 160.] These matters are ripe for adjudication. For the reasons stated herein, **IT IS HEREBY ORDERED** that Sublett's Motion to Supplement [DN 154] is **GRANTED** and his two Motions for New Trial [DN 153, DN 160] are **DENIED.**

**I. Background**

Sublett filed a First Amendment retaliation claim against Delaney and a Fourth Amendment claim of invasion of bodily privacy against Delaney's co-defendant, Simmons. This matter was taken to trial in November 2017, wherein a defense verdict was rendered on both counts. A lengthy factual background is laid out in this Court's previous Memorandum Opinion and Order docketed at DN 65.

**II. Motion to Supplement**

The first Motion at issue is Sublett's Motion to Supplement his first Motion for New Trial against Simmons. This Motion to Supplement was filed on December 1, 2017, a mere one

1

day after his initial Motion for New Trial. The Court being sufficiently advised, **IT IS HEREBY ORDERED** that Sublett's Motion to Supplement [DN 154] is **GRANTED.** The Court will consider the information contained in the supplement alongside his initial Motion for New Trial against Simmons.

### III. Motion for New Trial against Simmons

### A. Legal Standard

The second Motion at issue is Sublett's Motion for New Trial against Simmons. [DN 153.] Pursuant to Federal Rule of Civil Procedure 59(a), "[t]he court may, on motion, grant a new trial on all or some of the issues…(A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Additionally, district courts may grant a new trial where "it is quite clear that the jury has reached a seriously erroneous result." *Gasperini v. Ctr. For Humanities, Inc.*, 518 U.S. 415, 468 (1995). Any such motion "must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(b).

"[C]ourts have interpreted th[e] language [of Rule 59(a)] to mean that a new trial is warranted when a jury has reached a 'seriously erroneous result' as evidenced by" one of three things: "(1) the verdict being against the weight of the evidence; (2) the damages being excessive; or "(3) the trial being unfair to the moving party in some fashion, *i.e.*, the proceedings being influenced by prejudice or bias." *Holmes v. City of Massillon, Ohio*, 78 F.3d 1041, 1045-46 (6th Cir. 1996) (citing *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940), *Cygnar v. City of Chicago*, 865 F.2d 827, 835 (7th Cir. 1989), and *Mallis v. Bankers Trust Co.*, 717 F.2d 683, 691 (2d Cir. 1983)). The decision to grant or deny a motion for a new trial is reviewed for abuse of discretion. *Id.* at 1045.

## B. Discussion

In support of his contention that he is entitled to a new trial against Simmons, Sublett proffers two primary arguments: (1) the verdict was against the great weight of the evidence, and (2) the proceedings were influenced by prejudice and/or bias. [*See* DN 153-1, at 2, 5.] The Court will address each of these arguments in turn.

### 1. The verdict was not against the great weight of the evidence

First, Sublett has set forth the argument that, in returning a verdict in favor of Simmons, the jury acted against the great weight of the evidence. [DN 153-1, at 2.] Specifically, Sublett states, erroneously, that his only burden as the plaintiff at trial "was to prove Simmons did not have a legitimate [p]enological [r]eason to position her self [sic] to view inside the caged shower." [*Id.* at 3.] He goes on to state in conclusory fashion that, "as the evidence showed, Simmons did not have a legitimate penological interest in positioning her self [sic] to view inside the shower, and the evidence submit[ted] at trial established such, thus the jury verdict was against the weight of the evidence showing Simmons did not have a[] penological interest whil[e] viewing Sublett in the shower." [*Id.*] Finally, Sublett has made a list of seven different pieces of "evidence" he claims to have presented at trial. [*Id.* at 2-3.] For the sake of completeness, they are laid out below [sic throughout]:

> (1) There is or was not any disput[e] that Sublett retained, a [F]ourth Amendment 'Bodily Privacy' while showering…
>
> (2) There is no diput[e] that defendant Simmons, positioned her self on December 16, 2015 to enable Simmons to view inside the shower cage area, where inmates utilize, to dry the bodies.
>
> (3) There is no dispute that prior to entering 12 Left walk, Simmons turned her head away from the shower in acknowledgment that there is a naked man in the shower.

(4) There is no disput[e] that policy and procedure 10.2 E did not permit Simmons to view naked inmates in the shower.

(5) There is no disput[e] that Simmons had concluded med[ication] rounds and was not distributing [medication] to Sublett.

(6) There is no disput[e], Simmons [admitted] that she [routinely] position her self to view inside the shower.

(7) Simmons did not show any legitimate penological interest in viewing Sublett….[E]ach element was proven as evidence.

[*Id.*] While the Court acknowledges that Sublett, as well as all other prisoners, retains a Fourth Amendment bodily privacy right in some situations as a matter of law, the Court cannot say that any of the other pieces of "evidence" Sublett claims to have admitted at trial were actually admitted as such, and some of the above-listed things unquestionably were *not* admitted as evidence. Indeed, the Court concurs with Simmons' characterization of Sublett's list: "Sublett misstates the evidence at trial and argues that several facts at issue were not disputed," when they are, in fact, disputed. [DN 168, at 2.]

In essence, at trial Sublett argued that he was merely drying himself off with a towel in the shower cell when Simmons approached the shower cell for no apparent reason other than to view his naked body. However, Simmons testified in response that she was only on the cell walk in question to complete her job duties of distributing medication to certain inmates. The shower cell is immediately next to the exit door, and Simmons testified that she had completed medication distribution and was entering data into the computer on her transit cart when she saw Sublett "out of the corner of her eye" masturbating at the front of the shower cell while staring at her. [*Id.*] Consequently, Simmons testified that she wrote him up for a disciplinary violation for breaking the prison rule against masturbation. [*Id.*] Simmons' testimony also included her statement that "she did not intend to view Sublett in the shower." [*Id.*] Evidence was also

4

introduced of more than thirty other instances where Sublett was disciplined by Kentucky State Penitentiary ("KSP") officials for masturbating in front of them. [*Id.* at 3-4.] Apparently, the jury found Simmons' testimony, along with the other evidence introduced by her counsel, to hold more weight than Sublett's own evidence.

The Court notes here that "new trials are not to be granted on the grounds that the verdict was against the weight of the evidence 'unless that verdict was unreasonable.'" *Barnes v. Owens-Corning Fiberglas Corp.*, 201 F.3d 815, 820-21 (6th Cir. 2000) (quoting *Holmes*, 78 F.3d at 1047). The Court finds the jury's verdict to have been reasonable and in line with the overwhelming evidence presented by Simmons in support of her contention that not only did she not approach and intentionally view Sublett, but also that Sublett was masturbating and drew her attention in that lewd manner. Sublett's argument falls well short of reaching the necessary standard of showing that the verdict was "against the *clear* weight of the evidence." *Id.* at 820 (internal citations omitted) (emphasis added). Sublett took the stand and testified on his own behalf, recounting the story as he saw it, and also called Michael Cooper, an individual incarcerated at KSP, in support of his claim. However, Cooper had no personal knowledge of the incident in question, as he did not witness it. Conversely, Simmons proffered substantial testimony regarding the incident, as well as a great deal of documentary evidence concerning Sublett's repeated behavior of masturbating in front of prison staff.

Finally, the Court reiterates the fact that most of the above-cited list of seven pieces of "evidence" Sublett alleges to have been undisputed at trial were, in fact, disputed, and some hotly so. While there is no question that Simmons, at some point, saw Sublett while he was in the shower cell, the jury accepted her version of events as true: that he approached the front of the cell and was masturbating, and rejected Sublett's version of the story: that he was merely drying

himself off and Simmons approached him to stare at his naked body. In the instant Motion, in making his argument that the jury reached a verdict against the great weight of the evidence, Sublett has chosen to ignore all of the evidence and testimony proffered by Simmons at trial, instead only offering the Court the above list. Sublett testified to the effect that Simmons positioned herself in such a way so as to be able to view him showering, but did not present any other direct evidence that this ever occurred. In short, the evidence at trial supported the verdict returned by the jury and the Court will not order a new trial against Simmons on this basis.

### 2. The proceedings were not influenced by prejudice or bias

The second basis upon which Sublett argues that he is entitled to a new trial against Simmons is that the proceedings were influenced by prejudice and/or bias. [*See* DN 153-1, at 5.] In support of this contention, Sublett argues that "[t]he court permit[ted] defendant Simmons['] counsel to present plaintiff['s] past disciplin[ary] report as well as Sublett['s] prior Prison Rape Elimination Act ("PREA") and Sublett['s] Protective Custody Reports." [*Id.*] It should first be noted that, to the Court's knowledge, no "protective custody reports" were admitted by Simmons, nor did she seek to have such reports admitted. Indeed, in her Response to the instant Motion, Simmons notes that, "[w]ith respect to protective custody reports, Nurse Simmons is unsure as to what Plaintiff is referring as she did not seek to admit any 'protective custody reports.'" [DN 168, at 4.]

Essentially, Sublett takes issue with Simmons' presentation of Sublett's past disciplinary reports to the jury. Sublett moved *in limine* before trial to preclude Simmons' introduction of his past disciplinary reports at trial. [DN 107] He argued that to do so would be to run afoul of Fed. R. Evid. 404(b)'s prohibition of propensity evidence. The Court agreed with Sublett with respect to his past disciplinary reports unrelated to indecent exposure and/or masturbation. [*See* DN 144,

at 4.] It excluded all disciplinary reports concerning Sublett's infractions that did not pertain to masturbation and/or indecent exposure. [*Id.*] These unrelated disciplinary reports, of which there were more than forty, were classified as propensity evidence by the Court and were not introduced at trial. [*Id.*] Conversely, the Court found that, pursuant to Fed. R. Evid. 404(b)(2), the disciplinary reports pertaining to Sublett indecently exposing himself and/or masturbating, were admissible. In the Court's view, the reports went directly to Sublett's motive and/or intent for taking the actions that he did. The Court found the argument presented by Simmons on this point to be quite persuasive:

> Plaintiff engages in such behavior [exposure and/or masturbation] in order to either be moved to a different area of the prison (specifically segregation, as Plaintiff has refused to join the general population in the past) or to have a vehicle (through false grievances, false PREA claims, and frivolous lawsuits) to intimidate staff from monitoring Plaintiff as vigilantly as they otherwise would.

[DN 115, at 2.]

The Court's decision to admit the disciplinary reports in question was further bolstered by the Sixth Circuit Court of Appeals' decisions in analogous cases: in *United States v. Persinger*, 83 F. App'x 55 (6th Cir. 2003), the defendant was found guilty of aiding and abetting the distribution of cocaine, and it was held that the district did not err in admitting evidence of the defendant's prior narcotics charge. In *United States v. Ray*, 549 F. App'x 428, 431 (6th Cir. 2013), the defendant was found guilty of possessing cocaine with intent to distribute, and the Sixth Circuit held that the district court did not err in admitting "prior acts" evidence "of six prior instances of possession and distribution of crack cocaine" by the defendant. In *United States v. Stevens*, 303 F.3d 711, 713 (6th Cir. 2002), the district court was held not to have erred in admitting evidence "relating to prior fires for which [the defendant] has collected insurance proceeds" in a case where the defendant was ultimately convicted of arson. This Court was

satisfied that Sublett's prior acts, specifically, the prior instances in which Sublett was disciplined by prison officials for exposing himself and/or masturbating in violation of prison policies, went to Sublett's motive and/or intent, thereby providing a proper purpose for admission under Rule 404(b). Accordingly, this Court granted in part and denied in part Sublett's motion *in limine*. [DN 144.]

Moreover, as Simmons correctly points out in her Response to Sublett's instant Motion, "the Court gave the jury a limiting instruction with respect to the prior disciplinary violations…" [DN 168, at 4-5.] Specifically, this Court noted as follows:

> You have heard testimony that, in the past, the Plaintiff has masturbated and exposed himself while incarcerated. If you find that the Plaintiff did those acts, you can consider that evidence <u>only</u> as it relates to two things. First, whether the Plaintiff engaged in this activity with a motive, intent, or plan to remain in, or be moved to, segregation units or protective custody. Second, whether the Plaintiff engaged in this activity with a motive, intent, or plan to provide him with the opportunity to file Prison Rape Elimination Act ("PREA") Claims or grievances against prison staff.
>
> Remember that the issues in this case revolve around two specific incidents: the Plaintiff's interaction with Defendant Delaney on November 10, 2015 while she was making her rounds on the Plaintiff's cell unit, and the Plaintiff's interaction with Defendant Simmons on December 16, 2015 during her medication rounds. Do not return a verdict based upon the past incidents you have heard about. Instead, reach your verdict based <u>only</u> upon the evidence proffered regarding the two above-referenced incidents.

[DN 149, at 7.] The Court is satisfied that the appropriate ruling was made and that, as a protection for Sublett, adequate explanation was provided via the limiting instruction.

Sublett also argues that the proceedings were influenced by prejudice because, in her closing argument, counsel for Simmons said something to the effect of "he's [Sublett] a rule breaker." [DN 153-1, at 5.] According to Sublett, this singular statement took precedence over all of the evidence presented at trial and "took effect as the crux of Simmons' defense…." [*Id.*] It stretches credulity that in closing arguments, this singular statement could have such an effect on

the jury. Substantial evidence was presented during the trial which tended to show that Sublett *had* broken prison rules dozens of times. In sum, regardless of how counsel's statement is characterized, it does not rise anywhere close to requiring a new trial in this case.

### 3. Sublett's Motion to Supplement

The Court makes a final note concerning Sublett's Motion to Supplement the Motion for a New Trial against Simmons. [*See* DN 154.] The Court has granted this Motion to Supplement and, consequently, will address its merits at this time. In the Motion to Supplement, Sublett asks leave of the Court to more fully address his argument for a new trial as against Simmons. Sublett's argument in this Motion is, essentially, that one or more (or potentially all) of the disciplinary violations introduced by Simmons at trial pertaining to his acts of indecent exposure and/or masturbation were protected by privilege and were confidential by nature, and should not have (a) been disclosed to opposing counsel, or (b) introduced at trial. [*See id.* at 4-5.] He states that the reports were "exempted from…discovery…." [*Id.* at 5.]

The Court finds no merit to this argument. Even assuming that this objection has been properly taken (Sublett made no such objections on the basis of privilege and/or confidentiality *in limine* or at trial), the Court must reject it. Simmons obtained the disciplinary reports at issue in this case by way of a subpoena from KSP, only after giving notice to Sublett of her intent to do so and, as Simmons notes in her Response, she "admitted the records into evidence at a trial in which Plaintiff put his disciplinary history at issue. Nurse Simmons never published the disciplinary reports to the public, but to a jury in the course of litigation." [DN 168, at 6-7.] Accordingly, Sublett's final argument must also be rejected and the Motion for a New Trial denied.

## IV. Motion for New Trial against Delaney

Sublett has filed a second Motion for New Trial, this time asking for a new trial against the second defendant in this action, Laura Delaney. [DN 160.] The argument advanced by Sublett as to why a new trial should be granted to him against her relates to this Court's Memorandum Opinion and Order, docketed at DN 65. There, this Court denied Sublett's motion for summary judgment and granted in part and denied in part Delaney's motion for summary judgment.[1] [*Id.*] In denying summary judgment to Delaney on Sublett's First Amendment retaliation claim against her, the Court discussed, at length, the causation element of that claim.

At that time, the Court stated as follows: "Sublett has met his burden with respect to Defendant Delaney. Faced with Delaney's substantiated disciplinary report, in which she alleged Sublett was masturbating in the full view of others, Sublett has brought forth evidence tending to show that Delaney possessed a retaliatory motive." [*Id.* at 19-20.] The Court noted that Sublett had presented the sworn declarations of two other individuals housed at KSP, Carlos Thurman and Michael Cooper, both of which supported his claim. [*Id.* at 20.] Finally, however, the Court explained that "on summary judgment, courts 'may not make credibility determinations nor weigh the evidence when determining whether an issue of fact remains for trial.'" [*Id.* (quoting *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014), citing *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001)).] "[T]he district court cannot dismiss a pro se prisoner's pleading merely 'because the court finds the plaintiff's allegations unlikely.'" *Thomas v. Eby*, 481 F.3d 434, 442 (6th Cir. 2007) (quoting *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Thus, "[b]ased upon the evidence of record, *a reasonable jury could conclude* Delaney acted with a retaliatory motive, despite the fact that her disciplinary report was upheld by the Adjustment

---

[1] Delaney actually moved jointly with former defendant Marlene Sheets, and all claims against Sheets were dismissed at that time. Sheets was not involved in the trial of this matter and, consequently, she is irrelevant for purposes of the instant Motion.

Committee." [DN 65, at 21 (emphasis added).] And because Delaney had, at that point, brought forth no evidence showing that she would have taken the same steps absent Sublett's protected activity, as required under the burden-shifting framework explained in *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977), the Court denied her motion for summary judgment. [*Id.* ("Delaney has not rebutted Sublett's showing of causation, and she is not entitled to summary judgment.").]

According to Sublett, because of the above-referenced and quoted section of this Court's previous Opinion, he should not have been required to put on evidence to prove causation with respect to his First Amendment retaliation claim against Delaney. [*See* DN 160.] That is not the case. The Court made clear in its previous Opinion, [DN 65], that, making no credibility determinations, Sublett had proffered sufficient evidence to prevent his case being dismissed at the summary judgment phase. The summary judgment phase of a case is a completely different one than that of the jury trial: the legal standard is different, no jury is involved, no credibility determinations are made. Conversely, at trial a jury makes credibility determinations, assesses evidence and gives it great weight, some weight, or none at all, and reaches a verdict based upon whether it believes a plaintiff has proved his or her case by a preponderance of the evidence.

Contrary to Sublett's argument in the instant Motion, this Court made no final ruling on the causation element of his First Amendment retaliation claim against Delaney. The Court expressly stated that he had proffered sufficient evidence such that *a reasonable jury could conclude* that Delaney's motive was retaliatory in nature. This is completely different than announcing that Sublett had conclusively proven this element, something a Court would not do in any civil action at that stage in the litigation unless it was granting summary judgment in favor of a plaintiff, a rare thing. By virtue of the fact that, in that Opinion, summary judgment was

11

denied both to Sublett and to Delaney, this Court implicitly acknowledged that there was a genuine dispute of material fact, Fed. R. Civ. P. 56, and a trial in the matter was necessary. As this is the only ground upon which Sublett seeks a new trial against Delaney, the Motion must be denied.

## V. Conclusion

For the reasons stated herein, **IT IS HEREBY ORDERED** as follows:

1. Sublett's Motion to Supplement [DN 154] is **GRANTED.**

2. Sublett's Motion for a New Trial against Simmons [DN 153] is **DENIED.**

3. Sublett's Motion for a New Trial against Delaney [DN 160] is **DENIED.**

**IT IS SO ORDERED.**

cc:     Counsel of Record

        Damien Sublett, *pro se* plaintiff