UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:15-CV-199-TBR

DAMIEN SUBLETT,                                                                                    PLAINTIFF

v.

MARLENE SHEETS, et al.,                                                                        DEFENDANTS

**Memorandum Opinion and Order**

This matter comes before the Court upon Plaintiff Damien Sublett's late Reply, filed with the Court on February 23, 2018. [DN 173.] Sublett had originally filed two separate Motions for a New Trial, one against each of the former Defendants in this action, Kaci Simmons and Laura Delaney. [*See* DNs 153, 160, respectively.] Simmons responded, [DN 168], as did Delaney. [DN 170.] Sublett filed a Reply as to Delaney, [DN 171], but failed to file a timely Reply as to Simmons. Because of this, the Court initially denied Sublett's Motion for a New Trial against Simmons only considering his Motion and Simmons' Response. [*See* this Court's Memorandum Opinion & Order denying Sublett's Motion for a New Trial, at DN 172.]

If Sublett wished to file a Reply against Simmons, he was required to have done so within fourteen days of Simmons' Response. That date was February 9, 2018. Sublett did not file the instant Reply until February 23, 2018. Additionally, he made no motion for leave to file the late reply, and instead merely filed it as a matter of course. However, in the interest of completeness, this Court has reviewed Sublett's Reply, despite its tardiness, and for the reasons that follow, the Court finds no need to review its decision to deny Sublett's Motion for a New Trial against Simmons.

1

## I. Discussion

### A. Legal Standard for a New Trial

Pursuant to Federal Rule of Civil Procedure 59(a), "[t]he court may, on motion, grant a new trial on all or some of the issues…(A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Additionally, district courts may grant a new trial where "it is quite clear that the jury has reached a seriously erroneous result." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 468 (1995). Any such motion "must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(b).

"[C]ourts have interpreted th[e] language [of Rule 59(a)] to mean that a new trial is warranted when a jury has reached a 'seriously erroneous result' as evidenced by" one of three things: "(1) the verdict being against the weight of the evidence; (2) the damages being excessive; or "(3) the trial being unfair to the moving party in some fashion, *i.e.*, the proceedings being influenced by prejudice or bias." *Holmes v. City of Massillon, Ohio*, 78 F.3d 1041, 1045-46 (6th Cir. 1996) (citing *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940), *Cygnar v. City of Chicago*, 865 F.2d 827, 835 (7th Cir. 1989), and *Mallis v. Bankers Trust Co.*, 717 F.2d 683, 691 (2d Cir. 1983)). The decision to grant or deny a motion for a new trial is reviewed for abuse of discretion. *Id.* at 1045.

### B. Analysis

After reviewing Sublett's late Reply, the Court finds that he has not presented any new arguments or evidence which would lead this Court to conclude that the verdict in favor of Simmons was against the weight of the evidence, that the proceedings were influenced by prejudice or bias, *Holmes*, 78 F.3d at 1045-46, or that the jury reached a seriously erroneous result. *See Gasperini*, 518 U.S. at 468.

In part one of his Reply, Sublett lays out a numbered list, much in the same fashion he did in his initial Motion for a New Trial against Simmons. Therein, he lists things he claims were entered as evidence in the trial. This list includes erroneous claims such as Sublett's contention that Simmons actually testified that she routinely positioned herself in such a manner so as to view inmates in the shower, and that she testified that she had viewed other inmates besides Sublett while they showered. [DN 173, at 1-2.] Of course, this is not the case. Indeed, one of the core arguments in Simmons' case was that she did *not* do that, but rather, only saw Sublett in the shower out of the corner of her eye after he approached the front of the shower while masturbating and staring at her. Sublett may have contended, and may continue to contend, that Simmons stared at him or that she stared at other inmates, but the jury found Simmons' story to be more credible and, based upon the evidence presented at trial, the Court cannot say that the jury erred at all in so finding.

The rest of Sublett's list proceeds much in the same fashion, with Sublett presenting his own arguments as evidence conclusively proven at trial. After reviewing the list, the Court finds that none of the arguments presented by Sublett constitute new or dispositive arguments concerning why he is entitled to a new trial. For example, Sublett claims that "Simmons gave no testimony justif[ying] her intrusion," but the whole of her defense was spent (1) justifying the reason for her having seen Sublett in the first place (he was masturbating at the front of the shower cell), and (2) arguing that, accordingly, she had engaged in no intrusion and had merely been subjected to having to view Sublette engaging in a lewd act. The jury accepted her version of events and, consequently, rejected Sublett's version of the same.

The second part of Sublett's Reply focuses, as did parts of his initial Motion for a New Trial, on the Court's admittance of certain disciplinary violation reports filed against Sublett

during his time at the Kentucky State Penitentiary. These reports detail other instances in which Sublett was found guilty of masturbating and/or exposing himself in front of prison staff. The Court permitted inclusion of these reports at trial due to the fact that they went to Sublett's motive and/or intent to expose himself and thereby gain transfer to segregation, as well as to prevent close monitoring of his cell. [*See* DN 144.] Notably, the Court excluded Sublett's disciplinary violation reports that did not pertain to masturbation or indecent exposure. [*Id.*] However, Sublett raised this argument in the initial Motion for a New Trial, [DN 153], and the Court rejected it. The only additional argument Sublett makes in his Reply with respect to the admittance of these reports is that the focus of the trial should have been on Simmons' intrusion and not on any of Sublett's actions. [*See* DN 173, at 3-4.]

In Sublett's view, his continued behavior of masturbating in front of prison staff bore no relevance to the ultimate question of whether Simmons violated his Fourth Amendment right to bodily privacy. [*Id.* at 4.] However, as Simmons proceeded on the argument that masturbation is the exact activity in which Sublett was engaged when she saw him out of the corner of her eye, Sublett's argument must fail. In fact, that is precisely why this Court excluded Sublett's lengthy disciplinary history insofar as it did not pertain to masturbation or indecent exposure. The Court agreed with Sublett that the introduction of those other reports would be improper, and so granted his Motion in Limine in part. [DN 144.] Conversely, the reports detailing his inappropriate sexual behavior in front of prison staff went directly to motive and/or intent, especially when examined against Simmons' argument that the only reason she saw him was because he was masturbating.

Part three of Sublett's Reply argues that his disciplinary history was privileged, and therefore was not subject to discovery and nothing from his disciplinary history should have been

admitted at trial. However, as this Court previously explained, and contrary to Sublett's contentions, evidence of his past misconduct was relevant to show his motive and/or intent with respect to masturbating and/or exposing himself in front of prison staff. *See Hayes v. Diaz*, 78 F. App'x 353, 355 (5th Cir. 2003) (upholding admission of past disciplinary record); *Young v. Rabideau*, 821 F.2d 373, 379-80 (7th Cir. 1987) (upholding the admission of inmate's past disciplinary record on cross-examination). Further, Sublett put such actions directly in issue by filing this lawsuit against Simmons and arguing that she violated his Fourth Amendment right to bodily privacy by viewing him in the shower. In doing so, he opened the door to Simmons' principle defense at trial, which was that he was masturbating in front of her, as he has done numerous times in the past to other KSP employees in an effort to be moved to segregation and to reduce officer monitoring of his cell. Consequently, this argument must fail.

## II. Conclusion

Having considered Sublett's Reply, alongside his original Motion for a New Trial, as well as Simmons' Response thereto, the Court finds no reason to reverse its decision to deny Sublett's Motion for a New Trial against Simmons. Thus, **IT IS HEREBY ORDERED** that Sublett's Motion for a New Trial against Simmons [DN 153] is **DENIED.**

**IT IS SO ORDERED.**

cc: Counsel of Record